UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRAN BOSTON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-00426 SEP |
| EILEEN RAMEY, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on *pro se* Petitioner Darran Boston's "Petition for Setting and Issuing Writ of Habeas Corpus Ad Testificandum" (Doc. [10]), and his "Motion to Stat Petition Issuing a Restraining Order, Preliminary Injunction, Order to Show Cause Why Preliminary Injunction Should Not Issue in the Alternate Issue a Certificate of Appealability and Appeal as Poor Person" (Doc. [18]).

A jury found Petitioner guilty of twenty-eight child-sex related offenses, and the Audrain County Circuit Court of Missouri sentenced him to a total of 527 years, which sentence Petitioner is currently serving in the Jefferson City Correctional Center ("JCCC"). Petitioner has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, which is currently pending before this Court.

Although Petitioner's motions are styled differently, they both address essentially the same subject matter and seek the same relief. Petitioner complains that JCCC has instituted a policy forbidding inmates from providing informal legal assistance to their fellow inmates, and is unlawfully disciplining inmates who violate the policy. The Court construes this as a claim that JCCC is unconstitutionally restricting Petitioner's access to the courts. Petitioner asks the Court to enjoin these practices.

The Supreme Court has recognized that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to

particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id*. (internal citation omitted); *see also Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994) (a prisoner's action challenging the validity or length of confinement must be brought in habeas, but a challenge to conditions of confinement should be brought under § 1983 so long as the relief sought does not invalidate the underlying conviction); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (A civil rights complaint under § 1983 is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Petitioner is not, in the two instant motions, challenging the validity or duration of his confinement. Therefore, the type of relief sought by Petitioner cannot be obtained in his habeas action. Rather, his complaints regarding prison discipline matters and access to the courts would be appropriately brought first through administrative grievance procedures at JCCC, and, after exhausting such administrative remedies, in a complaint pursuant to 42 U.S.C. § 1983. *See Jones v. Bock,* 549 U.S. 199, 211 (2007) (An inmate must exhaust all available administrative remedies before bringing a § 1983 suit.); *Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir.2014) (same). As a result, the motions will be denied.

This order has no effect on Petitioner's habeas petition, which remains pending, and will be addressed by the Court in due course.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darran Boston's "Petition for Setting and Issuing Writ of Habeas Corpus Ad Testificandum" (Doc. [10]), and his "Motion to Stat Petition Issuing a Restraining Order, Preliminary Injunction, Order to Show Cause Why Preliminary Injunction Should Not Issue in the Alternate Issue a Certificate of Appealability and Appeal as Poor Person" (Doc. [18]) are **DENIED**.

Dated this 12th day of March, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE