UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRAN BOSTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:20-cv-00426-SEP |
| EILEEN RAMEY, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Darran Boston's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. [1]. For the reasons set forth below, the petition is denied.

### FACTS AND BACKGROUND

The Missouri Court of Appeals described the pertinent facts as follows:

Boston committed the offenses against two child victims: (1) L.S., the daughter of his live-in girlfriend, J.V., and (2) S.S., L.S.'s friend from across the street.
. . .

Between August 1, 2013 and June 1, 2015, Boston in various ways sexually violated and preyed on L.S. and S.S. at his home in Mexico, Missouri where J.V. and L.S. also resided. Boston's abuse involved the use of lingerie he had purchased for J.V. and the sex-related instruments admitted into evidence. Boston produced at least 1,200 pornographic images of the two children.

Before Boston, J.V., and L.S. moved to Mexico in 2013, Boston abused L.S. in Fulton, Missouri, where they had lived since 2010. Boston began sexually abusing L.S. in 2010, when she was only 10 years old. After Boston, J.V., and L.S. moved to Mexico, he began abusing S.S., as well as L.S., often at the same time. Eventually, J.V. left the home and moved to Rolla, Missouri, while Boston and L.S. moved to a different residence in Mexico. Shortly thereafter, S.S. disclosed to state authorities Boston's abuse of her and L.S.

As a result of S.S.'s disclosure, police searched Boston and L.S.'s new residence, their previous residence across the street from S.S., and a storage unit Boston maintained, and seized his laptop, digital camera, phone, a portable computer data storage device, the aforementioned sex-related instruments, and the adult pornography he possessed. This pornography featured poses he had the two children assume for the illicit photographs he took of them, and some of the adult pornography appeared in the photographs of the children.

1

> Boston was arrested and charged with 29 different child sex-related offenses in two separate cases. . . .  [T]he cases were joined for a trial by jury, and Boston was convicted on all 28 remaining counts.

*State v. Boston*, 530 S.W.3d 588, 589-90 (Mo. Ct. App. 2017).  Boston appealed his convictions to the Missouri Court of Appeals, which affirmed.  *Id.* at 592; Doc. [11-6].  He filed a Missouri Rule 29.15 motion for post-conviction relief, which the motion court denied after an evidentiary hearing.  Doc. [11-11] at 207.  He appealed that decision, and the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief on the merits.  Doc. [11-12]; *Boston v. State*, 591 S.W.3d 872 (Mo. Ct. App. 2019).  Boston now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.

## LEGAL STANDARD

For a federal court to grant an application for a writ of habeas corpus, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence.  *Id.* § 2254(e)(1).  A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'"  *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  An unreasonable application of clearly established Supreme Court precedent occurs where "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of the case.  *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Finally, a state court's decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."  *Id.*

**DISCUSSION**

I. **Grounds One, Three, and Four**[1] **are procedurally defaulted, and Boston cannot overcome the procedural default**.

In Ground One of the Petition, Boston argues that his direct appeal counsel was ineffective for failing to advance on appeal all of the claims made in Boston's motion for a new trial. Doc. [1] at 4. In Ground Three, Boston contends that his sentences violate the Eighth Amendment to the United States Constitution. *Id.* at 7. And in Ground Four, Boston claims Double Jeopardy Clause violations. *Id.* Boston did not present any of those claims to the Missouri courts.

To preserve a claim for federal habeas review, a state prisoner must present that claim to the state court and allow that court the opportunity to address the claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992) and *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (en banc)). The procedural default doctrine and its attendant cause and prejudice standard are grounded in concerns of comity and federalism, and they apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986).

To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was

---

[1] Boston combined two legal theories under the heading "Ground Three" in his petition. Doc. [1] at 7. Respondent treated those claims as distinct and treated the petition's "Ground Four" as Petitioner's fifth claim for relief. *See* Doc. [11] at 4. The Court adopts Respondent's taxonomy of Petitioner's claims.

3

convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

In Missouri state court, ineffective assistance of counsel claims must be presented by a Missouri Supreme Court Rule 29.15 motion. *See* Mo. Sup. Ct. R. 29.15. Yet, Boston did not raise his Ground One—ineffective assistance of direct appeal counsel—in his amended Rule 29.15 motion. *See* Doc. [11-11] at 51-77. Ineffective assistance claims are procedurally defaulted unless a habeas petitioner has "present[ed] to the state courts the same specific claims of ineffective assistance made out in the habeas petition." *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (citations and internal quotation marks omitted). Boston failed to do this, so Ground One is procedurally defaulted.

Boston also failed to bring Grounds Three and Four to the Missouri courts before seeking habeas corpus relief in this Court. Boston did not raise his Eighth Amendment claim on direct appeal or in post-conviction proceedings. *See* Doc. [11-2] at 1-18; Doc. [11-11] at 51-77. Thus, Ground Three is procedurally defaulted. *Beaulieu*, 583 F.3d at 573. And Boston failed to raise his double jeopardy claim on direct appeal, as Missouri law required. *See* Doc. [11-2] at 1-18; *Bracken v. State*, 453 S.W.3d 866, 874 (Mo. Ct. App. 2015). Ground Four is also procedurally defaulted. *Beaulieu*, 583 F.3d at 573.

Boston attempts to show cause for his procedural defaults by alleging that the lawyer who represented him on direct appeal and post-conviction appeal was ineffective. Doc. [1] at 4, 7-8. Because Boston never raised ineffective assistance of direct appeal counsel in the state post-conviction proceeding, and because he had no right to post-conviction-appeal counsel at all, that theory is a nonstarter. *See Edwards v. Carpenter*, 529 U.S. 445 (2000); *see also Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) ("With respect to cause, '[a]ttorney ignorance or inadvertence' cannot excuse procedural default." (citation omitted) (alteration in original)). The record contains no indication that Boston can show the requisite prejudice by any other means either, or that he is actually innocent, so his claims are procedurally barred. *See Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (because petitioner failed to establish cause to excuse his procedural default, the district court need not consider whether prejudice had been shown). Accordingly, the Court denies Grounds One, Three, and Four in Boston's Petition.

4

**II.     Grounds Two and Five are not legally cognizable, because there is no constitutional right to effective counsel during post-conviction proceedings.**

In Grounds Two and Five, Boston argues that his post-conviction appeal counsel was ineffective for failing to advance all of the claims Boston asserted in his amended motion for post-conviction relief and due to an alleged conflict of interest.  Doc. [1] at 6, 9.  However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted).  "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* (citation omitted).  Thus, Boston's two freestanding claims asserting ineffective assistance of post-conviction appeal counsel are not cognizable in federal habeas corpus, and the Court denies them.

**III.    No certificate of appealability will issue.**

The Court finds that Boston has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue.  28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Thus, the Court will not issue a certificate of appealability as to any claims raised in Boston's § 2254 petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Darran Boston's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel, Doc. [24], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court shall **NOT ISSUE** a certificate of appealability as to any claim raised in Boston's § 2254 Petition.

Dated this 20th day of March, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE